ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of - | ) | |
| | ) | |
| Advanced Technologies Group, Inc. | ) | ASBCA Nos. 59986, 61092 |
| | ) | 61693, 61996 |
| | ) | |
| | ) | |
| Under Contract Nos. W911QX-06-C-0068 | ) | |
| W911W6-08-C-0043 | ) | |
| N68335-09-C-0214 | ) | |
| N68335-09-C-0313 | ) | |
| N68335-11-C-0154 | ) | |

APPEARANCE FOR THE APPELLANT:     Mr. John Justak
                                  President

APPEARANCES FOR THE GOVERNMENT:   Samuel W. Morris, Esq.
                                    DCMA Chief Trial Attorney
                                  Joseph P. McCool, Esq.
                                  Alexander M. Healy, Esq.
                                    Trial Attorneys
                                    Defense Contract Management Agency
                                    Chantilly, VA

OPINION BY ADMINISTRATIVE JUDGE PROUTY ON THE GOVERNMENT'S
MOTION TO CORRECT THE RECORD AND/OR FOR RECONSIDERATION

The government has made a motion to "correct the record and/or reconsider" (gov't mot.) our earlier decision[1] denying the cross-motions for summary judgment brought by both parties. *See Advanced Techs. Grp., Inc.*, ASBCA Nos. 59986, 61092, 20-1 BCA ¶ 37,744[2] (*ATG*). In particular, the government is concerned that some of the language in that decision might be construed as denying a basis for summary judgment which the government had never advanced (gov't mot. *passim*). Appellant, Advanced Technologies Group, Inc. (ATGI) opposes the motion (app. opp'n). As explained below, we grant the government's motion, which we construe as a motion for reconsideration.

BACKGROUND

---

[1] That decision was authored by Judge Hartman, who retired from the Board earlier this year, though this motion was submitted before his retirement.

[2] This opinion was issued prior to the consolidation of ASBCA Nos. 61693, 61996 with ASBCA Nos. 59986 and 61092, which had previously been consolidated.

The appeals embraced by the summary judgment decision here involve the Defense Contract Management Agency's contracting officer's (CO) decisions finding that ATGI had included expressly unallowable costs in its Fiscal Year (FY) 2007 and FY 2009 indirect cost rate submissions. *See ATG*, 20-1 BCA ¶ 37,744 at 183,168-70. ATGI appealed the decisions to the Board, with ASBCA No. 59986 challenging the decision on the FY 2007 indirect cost rate submission and ASBCA No. 61092 challenging the decision on the FY 2009 indirect cost rate submission.

Shortly after these appeals were filed, the parties submitted cross motions for summary judgment. ATGI argued that the CO's final decisions were issued after the Contract Disputes Act's six-year statute of limitations had passed and that judgment in its favor should be entered on those grounds. *See ATG*, 20-1 BCA ¶ 37,744 at 183,171. The government, for its part, sought a finding that its claims were not barred by the statute of limitations which, according to the government, would eliminate ATGI's affirmative defense in the FY 2007 appeal (ASBCA No. 59986) and eliminate the entire basis of ATGI's FY 2009 appeal (ASBCA No. 61092), since the only challenge it brought to the CO's decision for that year was that it was brought too late. The government did not, however, address the merits of the CO's decisions in its cross-motion. (*See* gov't opp'n to mot. for summary judgment and cross-motions for summary judgment)

With respect to ATGI's motion for summary judgment, the decision held that there was a "genuine issue of material fact as to whether the [indirect cost rate proposals] contained sufficient data for the government to know of its claims asserted in these appeals." *See ATG*, 20-1 BCA ¶ 37,744 at 183,173. Turning to the government's cross motion, the decision addressed the merits of the CO's finding that the questioned costs (involving patents) were unallowable. *Id.* at 183,173-74. The decision ultimately found that, "[b]ecause the record before us primarily contains terse legal bills . . . and the government has not presented evidence regarding the disputed costs showing that they are expressly unallowable, we currently do not have a factual basis to grant summary judgment to the government that ATGI's patent legal costs are 'expressly unallowable.'" *Id*. at 183,174. The decision did not discuss the government's request for summary judgment in its favor on the subject of the statute of limitations. *See id. passim*.

The government filed its motion to correct the record or for reconsideration within 30 days of the issuance of the decision, in accordance with Board Rule 20. ATGI did not file an opposition to the motion and the judge presiding on the appeal at the time did not rule upon it. When the appeals were assigned to the undersigned, we provided ATGI with the opportunity to submit an opposition to the motion, which it did. The government filed a reply.

<u>DECISION</u>

As we will discuss in more detail below, it is plain that the original decision in this matter misread the government's cross-motion for summary judgment and denied it for the wrong reasons. In a sense, this does not matter because the motion should have been denied for the same reasons that ATGI's motion for summary judgment was denied, but, nevertheless, the decision should be corrected as it will be.

We treat this as a motion for reconsideration, rather than for correction of the record, for reasons we explain below. In any event, as we explained in *Relyant, LLC*:

> [I]f we have made mistakes in the findings of fact or conclusions of law, or by failing to consider an appropriate matter, reconsideration may be appropriate. In short, if we have made a genuine oversight that affects the outcome of the appeal, we will remedy it.

*Relyant, LLC*, ASBCA No. 59809, 18-1 BCA ¶ 37,146 at 180,841 (citations omitted). Under this standard, reconsideration is merited.

In misreading the government's motion as it did, our original decision made two mistakes: first, it failed to rule on the requests actually made by the government – that judgment be entered eliminating ATGI's statute of limitations affirmative defense in ASBCA No. 59986 and that judgment be entered in whole for ASBCA No. 61092 because the statute of limitations was the only defense to the CO's decision in that matter. Second, it opined on the evidentiary merits of a motion for summary judgment regarding the allowability of patent costs when such a motion was never made. Both mistakes need to be remedied.

As to the mistake of not addressing the actual basis of the government's cross-motion for summary judgment, we do believe it somewhat implicit in the decision that the government's motion for summary judgment should be denied for the same reasons that ATGI's was denied: namely, that statute of limitations defenses that rest upon when the government knew or should have known of its claims regarding incurred cost proposals, are often highly dependent upon the facts. The same factual disputes that prevented the entry of judgment in favor of ATGI here, *see ATG*, 20-1 BCA ¶ 37,744 at 183,173, also preclude the entry of judgment in favor of the government. The original decision was in error for not expressly stating as much. Since remedying this mistake requires a substantive change to the original decision, we find that reconsideration, rather than mere correction of the record is necessary.

With respect to the decision's second mistake – addressing a substantive ground for summary judgment not advanced by the government – we find those issues to have

been improvidently discussed and that they should have been omitted from the opinion, regardless of whether we would or would not agree with the decision's reasoning on the issue.

ATGI has argued that we should not have considered the government's motion because two other judges concurred in the original decision and so much time has passed between its being filed and the Board's addressing it (*see* app. opp'n at 2). We understand ATGI's position and its frustration that this matter was not resolved earlier, but motions of reconsideration exist so that the Board may remedy mistakes in original decisions that wrongly prejudice a party: almost every motion for reconsideration involves a three-judge decision (and, indeed, is a three-judge decision, itself) and, given the fact that the government complied with the Board's rules in submitting its motion in a timely manner, the failure to address this motion in a more timely way does not change the fact that the decision was partially mistaken at the time it was issued and merits correction.

## CONCLUSION

The government's motion for reconsideration is granted to the extent that the government's cross-motions for summary judgment are denied because genuine factual disputes preclude a finding that it brought its claims within the statute of limitations, and the portion of the decision addressing the merits of the CO's claims disallowing patent costs is stricken.

Dated: March 6, 2025

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

(Signatures continued)

4

I concur                                          I concur



_____                           _____
OWEN WILSON                                       LAURA EYESTER
Administrative Judge                              Administrative Judge
Acting Chairman                                   Armed Services Board
Armed Services Board                              of Contract Appeals
of Contract Appeals


        I certify that the foregoing is a true copy of the Opinion and Decision of the
Armed Services Board of Contract Appeals in ASBCA Nos. 59986, 61092, 61693,
61996, Appeals of Advanced Technologies Group, Inc., rendered in conformance with
the Board's Charter.

        Dated:  March 7, 2025


_____
PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals